**Oleg MASHKOV, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 05–2397–ag(L), 05–4564–ag(Con).

United States Court of Appeals,
Second Circuit.

May 19, 2006.

Christina L. Harding, Philadelphia, Pennsylvania, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Vincent Lipari, Assistant United States Attorneys, Central Islip, New York, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Oleg Mashkov (A73–396–856), through counsel, petitions for review of the BIA's April 29, 2005 decision affirming Immigration Judge ("IJ") Michael W. Straus's decision denying his application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"), and the BIA's August 1, 2005 decision denying his motion to reconsider. He also argues that he was denied due process when he was denied the opportunity to adjust his status. His petition for review with respect to the denial of his motion to reconsider has been consolidated with his merits appeal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, as it did here, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). This Court reviews denials of motions to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

■ Mashkov argues that IJ Straus denied him due process when he reinstated IJ John D. Carte's February 2000 order without holding a new hearing. Mashkov fails to acknowledge, however, that he waived any right he may have had to a hearing by consenting to IJ Straus's reinstatement of the original asylum decision. Mashkov also argues that he should have had the opportunity to address the government's fraud charge. However, IJ Carte did not rely on the fraud allegations in making the adverse credibility determination, nor did the IJ rely on the fraud charge in finding Mashkov deportable. Accordingly, IJ Straus properly adopted IJ Carte's findings regarding Mashkov's asylum, withholding of deportation, and CAT claims without holding a new hearing.

■ We find that IJ's Carte's adverse credibility finding with respect to Mash-

kov's asylum, withholding of deportation, and CAT claims is supported by substantial evidence. A reasonable fact-finder would not have been compelled to find that Mashkov testified credibly about his religious persecution claim because Mashkov did not make any mention of a religious persecution claim until his hearing. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005). Mashkov failed to establish that he was targeted by the KGB, or would be targeted upon his return, for any reasons other than that he failed to provide them with information about his former employer, which is not a protected ground. Mashkov's CAT claim was also reasonably denied because he did not suffer torture in Russia, nor did he demonstrate that it was more likely than not he would be targeted for torture for any reason in Russia.

█ With respect to Mashkov's adjustment claim, the issue is moot due to the government's failure to issue his diversity visa within the statutorily prescribed time. *See Mohamed v. Gonzales,* 436 F.3d 79, 80 (2d Cir.2006). Accordingly, we lack authority to hear Mashkov's adjustment of status claim, and his only recourse lies with Congress, not the courts. *See id.*

██ Because Mashkov's motion to reconsider was based on the same facts as his appeal to the BIA, and the denial of his appeal is supported by substantial evidence, the BIA did not abuse its discretion in denying Mashkov's motion to reconsider. In addition, Mashkov fails to assert in his brief to this Court any arguments regarding the motion to reconsider, so any claims that may have been independent from the merits appeal are waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.